Ludeling, C. J.
This is a petitory action for two lots of ground and the buildings thereon, situated in the town of Houma. The facts proved are that on the fourth of March, 1865, the defendant bought *299 from Peter Mackley the property in dispute, and was put in possession of the same.
In September, 1865, a judgment was rendered against Peter Mackley in the following words: “By reason of the law and evidence being in favor of plaintiff in the within suit, it is hereby ordered, adjudged and decreed that plaintiff do recover judgment against the defendant, Peter Mackley, as prayed for. Thus done and signed in open court, this thirteenth day of September, 1865.”
The certificate of the recorder of mortgages shows that this judgment was recorded thus: “A judicial mortgage in favor of James Ashworth against Peter Mackley (as prayed for), inscribed in this office twenty-sixth September, 1865.”
On the thirteenth of October, 1865, a fieri facias was issued in the case of Ashworth v. Mackley, and the sheriff in his return states that he seized the property as the property of Mackley, and advertised and sold the same. There is nothing ip the returns, or in this record, to show that the property was ever in the possession of the sheriff. The opinion of the deputy sheriff that he seized the property is not sufficient. He should have stated facts showing how he effected the seizure. So far as the record shows, the defendant was not disturbed in his possession until after the sheriff’s sale.
In the meantime, having learned that the recorder had made an error of description in the deed of sale of the lots bought by him, by stating that they were in block twenty instead of twenty-eight, Carrane, the defendant, together with the vendor, Mackley, went before the recorder and by a public act, which was duly recorded, corrected the mistake. The evidence shows conclusively that at the date of the sale to Carrane, Mackley owned no other lots in the town of Houma but lots one and two in block twenty-eight, upon which were some buildings; that lots one and two in block twenty were vacant lots, which did not belong to Mackley, and that Carrane, the vendee, was put in possession of lois one and two of block twenty-eight át the date of the sale to him.
It is pretended, however, that inasmuch as the judgment of Ashworth against Peter Mackley was recorded before the correction of the misdescription of the property sold to Carrane, the judicial mortgage in favor of Ashworth attached, and the correction was madeJtoo late. A sufficient answer to this is that there was not a registry of such a judgment as could create a mortgage against the property. We have already seen that the judgment specified no amount, and the registry thereof gave no notice to third parties. 23 An. 132; 2 An. 917.
There was no seizure of the property, because the officer did not *300 take possession of the property; and therefore there conld not have been a legal sale of the property. The sheriff’s sale was made in December, 1865, whereas, on the fourteenth of October, 1865, the mistake in the act of sale to Carrane had been corrected, and the plaintiff had notice of the fact.
It is therefore ordered and adjudged that the judgment of the lower court be reversed and annulled, and that there be judgment in favor of the defendant against the plaintiff, decreeing him to be the owner of the property in question, and for costs in both courts.